OPINION OF THE COURT
Herman Cahn, J.
The Assistant District Attorney moves, during trial, for amendment of the trial transcript. He alleges that an error was made, by the court reporter, when the testimony of a prosecution witness was recorded.
THE FACTS
The defendant stands indicted for criminally negligent homicide and criminal possession of a weapon in the third degree. He is alleged to have shot one Joaquin Manzanares, Sr. The complaining witness, Darren Ferguson (Ferguson), was present during the shooting and testified during trial. He was the only witness who testified as to the way in which decedent was shot, and as to who shot him.
*996 Ferguson testified that defendant was holding a gun, joking around and making faces at the decedent when the gun went off. Ferguson was asked where the defendant was holding the gun. The trial transcript reports the following answer: "He was holding it like face-level, like this (indicating), and he was like laughing or something, and then it went off.”
The defense attorney stressed the importance of this statement by reading it to the jury verbatim from the transcript during his summation. The reason for this was that according to the testimony of an assistant medical examiner, the bullet entered decedent’s body in such a location (lower abdomen, at a slight downward angle) as to make it virtually impossible for defendant to have been holding the gun at face level when it went off. Thus, an argument is made that, at the very least, Ferguson’s memory and/or credibility are subject to attack.
After the defense finished its summation and the jury left the room, the Assistant District Attorney moved to amend the transcript, stating that the court reporter had made an error in recording Ferguson’s testimony. The Assistant District Attorney claimed that Ferguson testified the defendant was holding the gun at "waist” level, not "face” level as the transcript indicates. The Assistant District Attorney had not objected during the summation itself.
At the court’s direction, the reporter reviewed her notes of the testimony, and states that Ferguson used the word "face”. The court has reviewed its own notes of Ferguson’s testimony and they indicate that his testimony was that defendant was holding the gun at "waist” level.
THE LAW
There is no statutory provision addressing the precise issue before the court, that is, the method of settling a trial transcript, during trial, where there is an allegation that an error was made by the court reporter. CPLR 5525 (c) addresses settlement of the trial transcript after trial, for purposes of an appeal.
CPLR 5525 (c) provides that disagreements between parties as to the accurateness of a trial transcript shall be submitted to the Judge who presided over the trial. The trial transcript is then amended in accordance with the direction of the court.
A similar procedure is utilized where no transcript of the trial exists. The Judge obtains the aid of the attorneys to make a transcript and relies on his own minutes of the trial. *997 (Kay v Kay, 277 App Div 797; Waterman v State of New York, 35 Misc 2d 954.)
In addition, when a disagreement arises during trial as to what was meant by certain words in a stipulation, the Judge is the final arbiter of the meaning of those words. (Blackoff v Blackoff, 56 AD2d 752.)
The motion to amend the transcript to read "waist-level” rather than "face-level” is granted in accordance with the court’s own minutes of the trial. The statute and cases herein-above cited are clear that the responsibility for assuring that the transcript is correct is the court’s. The fact that the dispute over what word was used by the witness arose during the trial rather than after verdict, does not change the general rule. When such an error is called to the court’s attention, the court must correct it.
Defendant, however, is entitled to an instruction to the jury by the court, explaining that the error was inadvertent and not the fault of counsel. In addition, the motion of defense counsel to reopen his summation and address the jury further is granted.
Motion granted.